IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

JEREMIAH DAVID DANIELS,          Case No. 1:16-cv-02273-TC

    Plaintiff,                             OPINION AND ORDER

vs.

JOSEPHINE COUNTY JAIL, *et. al.*,

    Defendants.

---

AIKEN, Judge:

On April 26, 2018, Magistrate Judge Coffin filed his Findings and Recommendation ("F&R"), recommending that I grant defendants' motion for summary judgment and dismiss this case. The matter is now before me pursuant to 28 U.S.C § 636 and Federal Rule of Civil Procedure 72. I review *de novo* those portions of the F&R to which plaintiff filed objections. 28 U.S.C. § 636(b)(1)(C); *accord* Fed. R. Civ. P. 72(b)(3); *Holder v. Holder*, 392 F.3d 1009, 1022 (9th Cir. 2004).

Judge Coffin's factual findings are based, in part, on a booking questionnaire completed at the time plaintiff was booked into the jail. Plaintiff alleges that the booking sheet introduced by defendants and relied upon by Judge Coffin is a forgery. He supports that allegation with his

1 – OPINION AND ORDER

own statements[1] that: (1) he remembers writing on his booking questionnaire that he had a history of ceto-seizures and incontinence; (2) he remembers listing Tegretol (an anticonvulsant) on that questionnaire; (3) the booking questionnaire introduced by defendants in support of their motion for summary judgment must be a forgery because it does not include those conditions or medication; and (4) further evidence that the booking questionnaire is a forgery is that the questionnaire "does not possess [his] actual signature, does not possess the booking deputy's signature nor does it possess the booking deputy's observations of me at the time of booking." Pl.'s Resp. Def.'s Mot. Summ. J. 3 (doc. 38). Those statements, standing alone, are insufficient to create a genuine issue of fact for trial. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (stating that, in order to defeat a properly supported motion for summary judgment, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts" and "come forward with *specific facts* showing that there is a genuine issue for trial") (emphasis altered and internal quotation marks omitted); *see also Newman v. Show Low Police Dep't*, 2015 WL 2403053, *5 (D. Ariz. May 20, 2015) (civil rights plaintiff's "unsupported allegations" that the defendants had altered video footage of his arrest insufficient to create a question of fact for trial). Moreover, plaintiff's assertion that he waited ten months to receive hypertension medication and that the delay "could have resulted in the plaintiff having a heart attack or other serious side effects," Pl.'s Obj. 3 (doc. 49), is

---

[1] Defendants fault plaintiff for failing to introduce these statements in the correct form. Specifically, plaintiff's statements listed above appear in the "summary of facts" in his response brief rather than in a separate affidavit. As a general rule, statements in legal briefs are not evidence. *Singh v. INS*, 213 F.3d 1050, 1054 n.8 (9th Cir. 2000). When a party's evidence in support of (or in opposition to) a motion for summary judgment consists of his own testimony, that testimony should be set out in a separate affidavit, signed under penalty of perjury. *Celotex Corp. v Catrett*, 477 U.S. 317, 322 (1986). However, because plaintiff is *pro se*, I consider the statements in his signed briefs in the same way I would consider statements in a properly-submitted affidavit.

insufficient to support a finding of deliberate indifference because he has not shown that he *actually* suffered harm as a result of the delay. *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (stating that, in order to show deliberate indifference to serious medical needs, the plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference.").

I find no error in Judge Coffin's reasoning. Accordingly, I ADOPT Judge Coffin's F&R (doc. 41). Defendants' motion for summary judgment (doc. 26) is GRANTED and this case is DISMISSED. Plaintiff's motions for appointment of counsel (doc. 46) and for signature and handwriting analysis (doc. 50) are DENIED as moot.

IT IS SO ORDERED.

Dated this 20th day of June 2018.

_____
Ann Aiken
United States District Judge